Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 287174)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRENCH WEST, INC., a California Corporation, individually, and doing business as "HALE BOB," <br><br> Plaintiff, <br><br> v. <br><br> ZULILY, INC., a Washington Corporation; BLUEFLY, INC., a New York Corporation, individually, and doing business as "BLUEFLY.COM"; POINT ZERO, INC., a Canadian Corporation, individually, and doing business as "POINT-ZERO.COM"; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: <br><br> PLAINTIFF'S COMPLAINT FOR: <br><br> 1. COPYRIGHT INFRINGEMENT; <br><br> 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT <br><br> <u>Jury Trial Demanded</u> |

Plaintiff FRENCH WEST, INC., individually and doing business as HALE BOB (collectively, "HALE"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff HALE is a corporation organized and existing under the laws of the State of California with its principal place of business located at 2711 Beverly Boulevard, Los Angeles, California 90057.

5. Plaintiff is informed and believes and thereon alleges that Defendant ZULILY, INC., ("ZULILY") is a corporation organized and existing under the laws of the state of Washington, with its principal place of business located at 2200 First Avenue South, Seattle, Washington 98134, and is doing business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant BLUEFLY, INC., individually and doing business as BLUEFLY.COM (collectively "BLUEFLY") is a corporation organized and existing under the laws of the state of New York, with its principal place of business located at 42 W 39th Street, New York, NY 10018, and is doing business in and with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant POINT ZERO, INC., individually and doing business as "POINT-ZERO.COM"

(collectively "POINT ZERO") is a corporation organized and existing under the laws of Canada, with its principal place of business located at 1650 Rue Chabanel Ouest, Montreal Qc, H4n 3m8, Canada, and is doing business in and with the state of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant Does 1-4, inclusive, are manufacturers, and/or vendors (and/or agent or employee of manufacturers or vendors) of garments to Defendant, which Doe Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Plaintiff's copyrighted design (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-4, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

9. Defendants Does 5 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein, including but not limited to retail stores and others who have sold the garments at issue in this case. The true names, whether corporate, individual or otherwise, of Defendants 5 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship

and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN POT1 GEO

11. Plaintiff owns a United States Copyright Registration covering a two-dimensional textile design it has internally designated as "POT1 geo" ("Subject Design A"). The Subject Design A was incorporated into Plaintiff's proprietary line of apparel and marketed to Plaintiff's customers.

12. Subject Design A is, and at all relevant times was, owned in exclusivity by Plaintiff.

13. A true and correct image of the Subject Design A as used on Plaintiff's garments is set forth and identified hereinbelow:

///

///

Subject Design A          Details of Subject Design A



14. Prior to the acts complained of herein, Plaintiff disseminated garments bearing Subject Design A to numerous parties in the fashion and apparel industries.

15. Plaintiff is informed and believes and thereon alleges that, following this distribution, and without Plaintiff's authorization, Defendants purchased, marketed, distributed, and sold garments that bore a textile print that was substantially similar

to the Subject Design A (the "Infringing Product A"), including but not limited to garments manufactured and distributed by POINT ZERO and sold to the public by ZULILY and POINT ZERO under Style No. CSA4911.

16. Below is a comparison of an exemplar of Plaintiff's garment bearing the Subject Design A (left) and an exemplar of the Infringing Product A sold by Defendants (right). A comparison reveals that the elements, composition, arrangement, layout, coloring, and appearance of the textile design on the Infringing Product A is substantially similar to Plaintiff's garment:

<u>Comparison of Garment Exemplars</u>

| HALE GARMENT | INFRINGING PRODUCT A EXEMPLAR |
|---|---|
|  |  |

17. Plaintiff is informed and believes, and thereon alleges, that prior to Defendants, and each of their, manufacture and/or sale of the Infringing Product A, it had obtained the Subject Design A from the marketplace and/or a third party and then had made at most slight alterations to the Subject Design A in an attempt to evade detection for its infringement.

18. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, advertised in print and on the internet, purchased, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design that is at the very least substantially similar to the Subject Design A.

## CLAIMS RELATED TO DESIGN AGP GEO MEDALLION

19. Plaintiff owns a United States Copyright Registration covering a two-dimensional textile design it has internally designated as "AGP geo medallion" ("Subject Design B"). The Subject Design B was incorporated into Plaintiff's proprietary line of apparel and marketed to Plaintiff's customers.

20. Subject Design B is, and at all relevant times was, owned in exclusivity by Plaintiff.

21. A true and correct image of the Subject Design B as used on Plaintiff's garments is set forth and identified hereinbelow:

///

///

Subject Design B



22. Prior to the acts complained of herein, Plaintiff disseminated garments bearing Subject Design B to numerous parties in the fashion and apparel industries.

23. Plaintiff is informed and believes and thereon alleges that, following this distribution, and without Plaintiff's authorization, Defendants purchased, marketed, distributed, and sold garments that bore a textile print that was substantially similar to the Subject Design B (the "Infringing Product B"), including but not limited to garments manufactured and distributed by POINT ZERO and sold to the public by ZULILY, POINT ZERO, and BLUEFLY under Style No. 376778901.

24. Below is a comparison of an exemplar of Plaintiff's garment bearing the Subject Design B (left) and an exemplar of the Infringing Product B sold by Defendants (right). A comparison reveals that the elements, composition,

arrangement, layout, coloring, and appearance of the textile design on the Infringing Product B is substantially similar to Plaintiff's garment:

<u>Comparison of Garment Exemplars</u>

| HALE GARMENT | INFRINGING PRODUCT B EXEMPLAR |
|---|---|
| | |

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants)

25. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design A and the Subject Design B (collectively "Subject Designs"), including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs or garments bearing same by third-party vendors and/or Doe Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples; and (d) access to garments manufactured with fabric lawfully printed through Plaintiff.

27. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer(s), and each of them, and supplied garments to said retailer(s), which garments infringed the Subject Designs in that said garments were composed of fabric which featured an unauthorized print design that was identical or substantially similar to the Subject Designs.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling garments which infringe the Subject Designs through a nationwide network of retail stores and on-line outlets.

29. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

30. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

31. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As

such, Plaintiff is entitled to disgorgement of each of the Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs in an amount to be established at trial.

32. Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, infringed the Subject Designs with knowledge that the Subject Designs were the copyrighted property of Plaintiff and/or with knowledge that their respective uses of the Subject Designs was in violation of Plaintiff's copyrights in the Subject Designs, and/or in a reckless manner in such a way as to render Defendants, and each of them liable for willful infringement. Plaintiff is also informed and believes, and thereon alleges, that Defendants, and each of them, sold the Infringing Products after receiving notice of the infringing nature of same, further militating in favor of a finding of willful infringement.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

33. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

34. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Designs as alleged hereinabove.

35. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

36. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

37. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs, in an amount to be established at trial.

38. Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, infringed the Subject Designs with knowledge that the Subject Designs were the copyrighted property of Plaintiff and/or with knowledge that their respective uses of the Subject Designs was in violation of Plaintiff's copyrights in the Subject Designs, and/or in a reckless manner in such a way as to render Defendants, and each of them liable for willful infringement. Plaintiff is also informed and believes, and thereon alleges, that Defendants, and each of them, sold the Infringing Products after receiving notice of the infringing nature of same, further militating in favor of a finding of willful infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

### **Against All Defendants**

#### With Respect to Each Claim for Relief

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. §§ 101, *et seq.*;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action;

f. That a constructive trust be imposed over the product at issue, and any profits derived from the sales thereof; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: November 11, 2015   By:   */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
FRENCH WEST, INC.